# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Raphael Mendez,

          Plaintiff,

v.

S. Stanton, Chief of Psychiatry, MD;
B. Glavinovich, Physician Assistant; and
Any Other Unknown Supporters at FMC
Rochester, Minnesota,

          Defendants.

Civ. No. 15-3732 (ADM/BRT)

**REPORT AND RECOMMENDATION**

BECKY R. THORSON, United States Magistrate Judge.

Plaintiff Raphael Mendez, a civil detainee at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester"), has filed a civil action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Dr. S. Stanton and Physician Assistant Bea Glavinovich have acted with deliberate indifference to his medical needs. (Doc. No. 1, Compl.) Mendez has not paid the required filing fee for this action, but instead has filed an application for leave to proceed *in forma pauperis* ("IFP"). (Doc. No. 2.)

An IFP application will be denied, and the action summarily dismissed, when the plaintiff has failed to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Higgins v. Carter*, 258 F.3d 797, 800 (8th Cir. 2001). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing the sufficiency of a complaint, a court must assume the truth of the plaintiff's factual allegations and draw all reasonable references in his favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2009). That principle, however, does not extend to labels and conclusions, including legal conclusions couched as factual allegations or naked assertions devoid of factual enhancement. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. And while *pro se* complaints are to be liberally construed, they must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The pertinent facts, as set forth in Mendez's complaint and attached exhibits, are these. *See Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) ("[M]aterials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint."). On September 2, 2014, Mendez was diagnosed with ringworm on his right arm and Physician Assistant Glavinovich prescribed a self-carry regimen of Clotrimazole cream, which was to be applied three times daily for four weeks. (Compl. 2–3 & Ex. A.) Within a week, however, Dr. S. Stanton, FMC Rochester's Chief of Psychiatry, overrode Glavinovich's recommended treatment and instead prescribed Terbinafine cream to be applied once daily for seven days. (Compl. 2–3 & Exs. B, E.) The Terbinafine was not prescribed as a self-carry medication, which meant that Mendez had to wake up early and

wait in a pill line to receive his daily dose of the cream. (Compl. 2–4.) Mendez complained to Dr. Stanton about the change in treatment, stating that the self-carry tube of Clotrimazole fit his "time and desire more conveniently," that Stanton's "idea of what works and what does not work don't fly well with me," and that he was not going stand in the pill line for the treatment that she prescribed. (Compl., Ex. E at 1.) Dr. Stanton responded to Mendez's complaint in writing:

> You may refuse the medication prescribed to you. Clotrimazole is a good medication for many things, but it will not effectively treat the ringworm you have on your arms. The medication I prescribed for you, terbenafine [sic], is the appropriate medication for your condition. It must be applied daily for 7 consecutive days to work. I will not prescribe it as self carry, as it is not appropriate for other conditions and therefore, there is no reason for you to have it in your possession.

(*Id.*) Mendez replied the following day, September 16, 2014, indicating that his right arm had already healed but that he would have preferred a self-carry method and believed that Dr. Stanton "had inappropriately stepped on [Glavinovich's] duties" given her precise area of professional expertise. (*Id.*) According to Mendez's complaint, however, his ringworm had not entirely cleared up, but instead migrated to other "areas [that he] could see on [his] body for [himself]." (Compl. 3–4.) Mendez maintains that, more than year after he was first diagnosed with ringworm, he is still suffering from the condition and has taken to purchasing Clotrimazole cream for $1.75 from FMC Rochester's commissary. (*Id.* at 3–4 & Ex. C.)

Based on these factual allegations, Mendez claims that Dr. Stanton and Glavinovich have acted with deliberate indifference to his medical needs.[1] He specifically takes issue with Dr. Stanton's decision to prescribe Terbenafine in lieu of Clotrimazole, arguing that she should not have countermanded Glavinovich's recommendation because she is a psychiatrist and not a medical doctor familiar with skin conditions. (Compl. 3.) He also complains that Terbenafine was not prescribed as a self-carry medication, that it was not handled according to its product labeling instructions, and that Dr. Stanton and Glavinovich denied his request for a daily wake-up call so that he could wait in the pill line, stating that it was his responsibility to wake up on time. (*Id.* at 2–4.)

To establish a constitutional claim for inadequate medical care, a plaintiff must demonstrate that he was suffering from an "objectively serious medical need" and that the "defendant actually knew of, but deliberately disregarded, such need." *Laganiere v. Cnty. of Olmsted*, 772 F.3d 1114, 1116 (8th Cir. 2014) (quotation omitted). The required mental state for a constitutional violation is "akin to criminal recklessness," requiring a prison official to consciously disregard a known and substantial risk of serious harm through a total deprivation of medical care or care that is "so inappropriate as to evidence

---

[1] Mendez does not identify the specific constitutional basis of his deliberate-indifference claim. Because he is a federal detainee, rather than a convicted prisoner, his claim technically arises under the Due Process Clause of the Fifth Amendment and not the Eighth Amendment's ban on cruel and unusual punishment. *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). The applicable due process and Eighth Amendment standards are, however, identical. *See Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005).

intentional maltreatment or a refusal to provide essential care." *See Jackson v. Buckman*, 756 F.3d 1060, 1065–66 (8th Cir. 2014) (quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 837–38 (1970); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). "[M]ere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Langford*, 614 F.3d at 460 (quotation omitted); *see also Scott v. Benson*, 742 F.3d 335, 340 (8th Cir. 2014) ("A mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation.") (quotation and brackets omitted). Further, detainees "do not have a constitutional right to any particular type of treatment" and government officials do not violate the Constitution "when, in the exercise of their professional judgment, they refuse to implement a [detainee's] requested course of treatment." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996).

    Mendez has not alleged a plausible claim that Dr. Stanton, Glavinovich, or any other defendant has acted with deliberate indifference to his medical needs. Even assuming that his ringworm constitutes an objectively serious medical need, there is nothing in Mendez's complaint or attached exhibits to suggest that the defendants deliberately disregarded his medical needs through actions that were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *See Jackson*, 756 F.3d at 1065–66. To the contrary, Mendez's complaint and attached exhibits demonstrate that the defendants have been attentive to his ringworm and have prescribed treatments that they felt were appropriate. His disagreement with Dr. Stanton's decision to prescribe Terbinafine cream instead of Clotrimazole, and to require him to obtain that

medication through the pill line without a daily wake-up call, falls far short of establishing a constitutional violation based on deliberate indifference. Mendez does not have a constitutional right to his preferred course of treatment, *see Long*, 86 F.3d at 761, and his disagreement with Dr. Stanton's treatment decisions cannot support a deliberate-indifference claim, *see Langford*, 614 F.3d at 460. His assertions that the Terbinafine was not handled according to its labeling instructions and that his ringworm has not been fully cured, but has apparently migrated to other parts of his body, are also insufficient to demonstrate that the defendants have been deliberately indifferent to his medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid [constitutional] claim of medical mistreatment . . . .").

Because Mendez's factual allegations, even if fully proved, are inadequate to show that the defendants acted with deliberate indifference to his medical needs, this Court recommends that his complaint be summarily dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. And given that the complaint's shortcomings have little to do with a failure to plead enough facts, and everything to do with the fact that the circumstances alleged simply do not rise to the level of a constitutional violation, this Court recommends that the dismissal be with prejudice and without leave to amend. *See Plymouth Cnty., Iowa v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014) (explaining that leave to amend need not be given when amendment would not "save an otherwise meritless claim").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Raphael Mendez's complaint (Doc. No. 1) be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted; and

2. Plaintiff's application for leave to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**.

Date: November 20, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), party may file and serve specific written objections to this Report and Recommendation by **December 7, 2015**. A party may respond to those objections within **fourteen** days after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).